[Civ. No. 6461. First Appellate District, Division Two.—January 4, 1929.]

FRANK ABBE et al., Respondents, v. N. L. BERRY, Appellant.

Fitzgerald & Johnson for Appellant.

L. F. Hobbs for Respondents.

STURTEVANT, J.—The plaintiffs commenced an action against the defendant to recover the amount of an unpaid bill of exchange theretofore delivered by the defendant. The defendant appeared and answered, and a trial was had in the trial court before the court sitting without a jury. The trial court made findings in favor of the plaintiff, and from a judgment entered thereon the defendant has appealed.

The first finding made by the trial court found the fact to be that at all times mentioned in the complaint of the plaintiffs they were copartners and had complied with sections 2466 and 2468 of the Civil Code. The finding was directly responsive to the first allegations contained in plaintiffs' complaint. However, the defendant contends that there was no evidence introduced on the subject. In reply to that contention the plaintiffs call to our attention that the denial contained in the answer of the defendant was based on want of information or belief, and that, therefore, the denial raised no issue. (21 Cal. Jur. 153.) The reply is sufficient, and it follows that it was not necessary for the court to make any finding on the subject.

Prior to April 5, 1927, the date of the bill of exchange, the defendant executed and delivered to the plaintiffs his promissory note and executed and delivered a chattel mortgage to secure its payment. It was the theory of the plaintiffs that the bill of exchange sued upon was given and received in payment of the promissory note. It was the contention of the defendant in the trial court, and he also contends in this court, that there was no agreement between the parties that the bill of exchange was given and accepted in payment of the note. On this issue the trial court made a finding that the said bill of exchange was given by the defendant to plaintiffs in settlement of the promissory note and chattel mortgage, and that the transaction constituted a novation. However, the defendant claims that there is no evidence supporting the finding. That claim is too broad. It might be claimed that the evidence was conflicting, but there was some evidence which, if the trial court believed it, supported the finding as made.

The trial court made a finding that all of the allegations of the answer are untrue. The defendant claims that the finding as made is not supported by the evidence. There-

upon he proceeds to quote excerpts from the answer, to the effect that the bill of exchange was not given or accepted with any understanding that it would constitute absolute payment of any previous indebtedness. What has been said above in reply to the second point made by the defendant is a sufficient discussion on this point.

In the next place the defendant claims that the findings do not support the judgment. As we understand his contention, it is to the effect that in drawing its findings the trial court was not warranted in stopping with the expression that said bill of exchange was given by defendant to plaintiffs in settlement of the note and mortgage, but should have gone further and should have used language to the effect that when the said bill of exchange was delivered to the plaintiffs that at said time and place the defendant said to the plaintiffs, "I give you this bill of exchange in full payment of my note and mortgage which you now hold," and that at said time and place the plaintiffs replied to the defendant, "We accept the said bill of exchange on said terms." In other words, that the trial court was bound to have inserted in its finding probative matters. We think there is no merit in the contention.

If, as we have held above, the trial court was warranted in finding that the bill of exchange was given and accepted in payment of the note and mortgage, it follows that there is no merit in the last point made by the defendant. That point rests on the claim that the trial court erred in refusing to hear evidence to the effect that the mortgaged property was still in existence, was in the plaintiffs'. possession, etc. If the mortgage had in fact been paid it was altogether immaterial whether the mortgaged property was or was not in existence at the date of the trial.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.